ROCHESTER DISTILLING CO. *v.* BOSTRUM.

PRINCIPAL AND AGENT—ESTOPPEL BY ADMITTING RELATION.

A person who conducts a saloon and obtains a license therefor in his own name, is liable to a vendor of goods sold and used in the business on the order of his brother, who in fact owned the business and was the undisclosed principal, where the vendor relied on the apparent agency.

Error to Grand Traverse; Mayne, J. Submitted October 19, 1909. (Docket No. 106.) Decided November 5, 1909.

Assumpsit by the Rochester Distilling Company against Peter Bostrum for goods sold and delivered. A judgment for plaintiff on a verdict directed by the court is reviewed by defendant on writ of error. Affirmed.

*Underwood & Umlor*, for appellant.

*John A. Loranger*, for appellee.

OSTRANDER, J. The defendant in the year 1901 applied for and was granted a license to conduct a saloon in Traverse City, and gave the required bonds. In December of that year the plaintiff, upon an order sent in by a salesman, shipped to defendant an invoice of liquors which was received by him and used in the saloon. This suit is brought to recover the price of the liquors and interest. The defense attempted to be made was that, in fact, the business was owned and conducted by one Ole Bostrum, a brother of defendant, now deceased, and that defendant was, in fact, the agent and bartender for his brother, who provided the capital and received the profits of the business. Upon the question of agency, in fact, the testimony made a case for the jury. In the circuit court, to which the defendant had appealed from a judgment rendered in justice's court, a verdict was directed for the plaintiff.

In this court it is contended that, because defendant testified that he gave no order to plaintiff or to any other person for goods used in the saloon, and paid no bills for goods furnished to the saloon, and that his brother purchased and paid for all goods, it devolved upon plaintiff to prove that it had no knowledge or notice that defendant, who conducted the saloon and received and sold the goods, was a mere bartender, an agent of his brother, the real proprietor. The contention is without merit. Defendant was the apparent principal in the business of keeping the saloon, a position he unequivocally and voluntarily assumed. He testified:

"*Q.* And you gave the public to understand that you were conducting the business, didn't you?

"*A.* I signed my name to the license.

"*Q.* Answer my question.

"*A.* Yes; but it was Ole's business just the same, not mine. * * * It was Ole's money that paid for the license. I didn't have a nickel in the business."

" The duty rests upon the agent, if he would escape personal liability, to disclose his agency and not upon others to discover it." Mechem on Agency, § 554.

If the defendant, while advertising himself to the world as principal in the business, permitted his brother to order goods to be sent to him, to be used in the saloon and accepted and appropriated the goods in the course of the business, he cannot complain that the seller assumed his apparent character to be his real character.

There is no error, and the judgment is affirmed.

GRANT, MONTGOMERY, MOORE, and McALVAY, JJ., concurred.