ROCHESTER DISTILLING CO. v. TRAVERSE CITY
BREWING CO.

1. PRINCIPAL AND AGENT—ESTOPPEL—BURDEN OF PROOF.

   In an action for liquors sold by plaintiff to a saloon keeper,
   who continued to conduct the business in the name of de-
   fendant which sold it to him, so as to avoid taking out a
   new license, and under an admitted arrangement with de-
   fendant to order goods in its name, to be paid for by him,
   the burden rested on defendant to prove that the plaintiff had
   knowledge of the purchase from defendant and knew that
   defendant was not the real proprietor of the saloon.

2. SAME—SALES.

   No prejudicial error was committed by instructing the jury
   that the only evidence tending to show knowledge on the
   part of defendant's agent was that of the saloon keeper him-
   self, who testified that he advised defendant's agent of the
   real situation; when the only other evidence in the case
   merely tended to show matters that plaintiff's agent admit-
   ted, as to his knowledge of the intention of the real propri-
   etor to move to town and engage in business.

Error to Grand Traverse; Mayne, J. Submitted Jan-
uary 30, 1913. (Docket No. 148.) Decided March 20,
1913.

Assumpsit by the Rochester Distilling Company against
the Traverse City Brewing Company for goods sold and
delivered. Judgment for plaintiff. Defendant brings
error. Affirmed.

*Underwood & Umlor*, for appellant.

*Amil F. Nerlinger*, for appellee.

BROOKE, J. Prior to September 29, 1908, the defend-
ant company was the owner and operator of a saloon in
Traverse City. On that day defendant claims to have
sold said business to one John Bartz, who immediately

took possession of the business and ran it for some four or five months.     Defendant resumed possession in March, 1909.     At the time of the sale from defendant to Bartz, it was agreed between them that Bartz might order goods, to be used in the business, in the name of the defendant; said goods to be paid for by Bartz.     This arrangement seems to have been made in order to obviate the necessity of Bartz taking out a license in his own name.

During November and December, 1908, and January, 1909, plaintiff, through its agent Collins, sold goods for this saloon in the sum of $288.41.     The goods were ordered by Bartz, but billed and shipped to defendant and delivered at the saloon, which was apparently being operated by defendant under a license to defendant.     Plaintiff in this action seeks to recover the value of the goods so sold.     It was claimed by defendant that Collins (plaintiff's agent) had actual knowledge of the alleged true situation, and that the credit was in fact extended to Bartz.

The case was submitted to the jury under a charge which, in effect, allowed plaintiff to recover only if it was found that Collins (plaintiff's agent) dealt with Bartz as the agent of defendant, and not as principal.     The court by his charge placed upon the defendant the burden of showing that Collins had knowledge of the alleged fact that Bartz had purchased the business and was the proprietor at the time the goods were sold.     This instruction was clearly warranted under *Rochester Distilling Co.* v. *Bostrum*, 158 Mich. 543 (123 N. W. 27).

Error is assigned upon the following excerpt from the charge:

"The only evidence that there is in this case that Mr. Collins had knowledge is the evidence of Mr. Bartz, who testified that he informed him that he was buying the whisky for himself, or that the sale was made to him; that he was the owner.     All other testimony relative to the sale, and all the dealings between the parties, is stricken out as there is no evidence before this court or jury that the same was communicated to the plaintiff in this case or to its agent."

This instruction eliminated the evidence of Mr. Gerst, an officer of defendant company, as well as that of one Lautner, who drove Collins out to the farm where Bartz was staying at the time the order was given. It is urged by defendant that Lautner's testimony tended to confirm that given by Bartz, to the effect that Collins knew that Bartz was the owner at the time the goods were sold. We have examined Lautner's testimony, and are of opinion that it tended to establish no knowledge on the part of Collins beyond that which he (Collins) admitted he had; *i. e.*, that Bartz intended moving into Traverse City and engaging in the saloon business. The question in issue was whether he so engaged as proprietor or agent, and, if as proprietor, whether Collins knew it.

Defendant admittedly held the license during the whole license year, and in terms authorized Bartz to order supplies in its name. The goods sold were billed and shipped to it just as it had (as between itself and Bartz) arranged. It should not now be heard to complain if it is obliged to pay an account contracted by Bartz, according to the agreement with a concern which in good faith relied upon the apparent situation created by itself. Good faith and lack of knowledge of the alleged true situation on the part of Collins is established by the verdict of the jury.

The judgment is affirmed.

STEERE, C. J., and MOORE, McALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.